**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-111

UNITED STATES TAX COURT

EDWARD RIPLEY-DUGGAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30155-12S.                    Filed December 23, 2014.

Deborah S. Kearns, for petitioner.

William C. Bogardus, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the
Internal Revenue Code of 1986, as amended, in effect for the relevant period.

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 17, 2012 (notice), respondent determined a deficiency in, and imposed additions to tax under sections 6651(a)(1) and (2) and 6654 with respect to, petitioner's 2008 Federal income tax liability. Because the parties have now agreed to the deficiency, we consider only petitioner's liability for the above-referenced additions to tax.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in New York.

As of the close of 2008 petitioner and Carol Maltby (Ms. Maltby) had been married to each other for almost 40 years. For many of those years Ms. Maltby assumed the responsibility to prepare and submit for filing the couple's joint or separate Federal income tax returns. Petitioner agrees that his income during 2008 obligated him to file a Federal income tax return for that year, but his 2008 return was not filed until well beyond the date it was due. See secs. 6011(a), 6072(a). Petitioner also agrees that he made no estimated tax payments and had no Federal

[1](...continued)
Rule references are to the Tax Court Rules of Practice and Procedure.

income tax withheld with respect to the income tax liability shown on that return. As of the date of trial petitioner's 2007 Federal income tax return, if he was obligated to file one, had not been filed.

Petitioner has a keen interest in rare books, which he describes as "the driving passion of * * * [his] life". He is a longstanding, dues-paying member of the Antiquarian Booksellers Association of America, a status that continued at least through the date of trial. At all times relevant petitioner owned and operated Wilsey Rare Books (Wilsey), a sole proprietorship engaged in the business of selling rare books.[2]

At all times relevant petitioner was also employed as a consultant to Doyle's Auction House of New York. As such, he typically worked "nine hours a day, generally five days a week", occasionally working six or seven days a week, in addition to a roughly 5.5-hour daily commute.

Over the years Ms. Maltby has suffered from chronic rheumatoid arthritis. During 2008 her arthritis caused pain centered in the joints in her hands, making it difficult for her to handle papers. Her condition extended into 2009 as well.

---

[2]Income and deductions attributable to Wilsey are shown on a Schedule C, Profit or Loss From Business, included with petitioner's untimely 2008 Federal income tax return.

## Discussion

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.

Section 6651(a)(2) provides for an addition to tax for failure to timely pay "the amount shown as tax on any return specified in paragraph (1)" unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%. Id. The amount of the addition to tax under section 6651(a)(2) reduces the addition to tax under section 6651(a)(1) for any month for which both additions to tax apply. See sec. 6651(c)(1).

Section 6654(a) and (b) provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax. Each required

installment of estimated tax is equal to 25% of the "required annual payment", which, in turn, is equal to the lesser of (1) "90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year)", or (2) if the individual filed a return for the immediately preceding year, 100% of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B).

According to respondent, petitioner is liable for the above-referenced additions to tax as now applied to the Federal income tax liability shown on petitioner's untimely 2008 Federal income tax return.  The burden of production with respect to the imposition of the additions to tax here in dispute rests with respondent.  See sec. 7491(c).  It is undisputed that petitioner failed to (1) timely file his 2008 return, (2) discharge his tax liability, or (3) pay any estimated tax for the year in issue.  That being so, respondent's burden has been satisfied with respect to each of the additions to tax.

According to petitioner, he should not be held liable for any of the additions to tax because the failures that gave rise to each of those additions were due to reasonable cause and not willful neglect.  Respondent's burden does not require him to refute petitioner's claim in this regard.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Section 6651(a)(1) Reasonable Cause

According to petitioner, the addition to tax that would otherwise result from his failure to file a timely return is not applicable because the failure was due to reasonable cause, namely the poor health of Ms. Maltby, and not due to willful neglect. More specifically, petitioner points out that Ms. Maltby was responsible for the financial aspects of their marriage, including the preparation of their joint Federal income tax returns, and that for 2008 she was unable to prepare his individual Federal income tax return or their joint Federal income tax return because of the symptoms related to her rheumatoid arthritis.

We are sympathetic to Ms. Maltby's health problem during the relevant time and recognize that serious illness of the taxpayer or a member of the taxpayer's family can constitute reasonable cause for failure to file a timely return. See, e.g., Tabbi v. Commissioner, T.C. Memo. 1995-463 (finding reasonable cause where the taxpayers' son had heart surgery and the taxpayers spent four months continuously in the hospital with him and filed their return two months after their son's death); Harris v. Commissioner, T.C. Memo. 1969-49 (finding reasonable cause where the taxpayer's activities were severely restricted and the taxpayer was in and out of hospitals because of various severe medical ailments, including stroke, paralysis, heart attack, bladder trouble, and breast cancer). However,

petitioner was not sick or injured, and nothing in the record suggests that he acted as Ms. Maltby's caregiver during the relevant period.

Whether a taxpayer has "reasonable cause" within the meaning of section 6651(a)(1) depends upon whether the taxpayer exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Ordinary business care and prudence would suggest that petitioner, in good health and otherwise able to fulfill his employment obligations and obviously aware of Ms. Maltby's infirmities, would have made the appropriate arrangements to ensure that his 2008 Federal income tax return was timely prepared and submitted for filing. Under the circumstances, it was not reasonably prudent for him to rely upon Ms. Maltby to satisfy his Federal tax-related obligations. Accordingly, respondent's imposition of the addition to tax under section 6651(a)(1) is sustained.

Section 6651(a)(2) Reasonable Cause

The section 6651(a)(2) addition to tax for failure to pay is applicable unless the taxpayer shows that he exercised ordinary business care and prudence in providing for payment of the liability and was nevertheless either unable to pay the tax or would suffer an undue hardship. Sec. 301.6651-1(c)(1), Proced. &

Admin. Regs. There is no evidence that petitioner was unable to pay the tax that was due or would suffer undue hardship from making payment. Furthermore, we have already found that Ms. Maltby's health problem did not provide reasonable cause for petitioner's failure to file, and we maintain that position with respect to the even simpler task of paying. See Taylor v. Commissioner, T.C. Memo. 2009-27. Accordingly, respondent's imposition of the addition to tax under section 6651(a)(2) is sustained.

Section 6654 Reasonable Cause

Except in very limited circumstances not applicable in this case, see sec. 6654(e)(3)(B), section 6654 provides no exception for reasonable cause, Mendes v. Commissioner, 121 T.C. 308, 323 (2003). Instead, the section 6654 addition to tax is mandatory unless the taxpayer establishes that one of the exceptions in section 6654(e) applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

There are two mechanical exceptions to the applicability of the section 6654 addition to tax. First, the addition is not applicable if the tax shown on the individual's return for the year in question (or, if no return is filed, the individual's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000. Sec. 6654(e)(1). Second, the addition is not applicable if the individual's tax for the preceding taxable year was zero. Sec.

6654(e)(2). Petitioner has not shown that either of the mechanical exceptions under section 6654(e) applies. Accordingly, we find that petitioner is liable for the addition to tax under section 6654.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.